**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NIKOLE PRICE,**<br>**Plaintiff,**<br><br>**v.**<br><br>**WILDCAT LLC d/b/a EXXON,**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>: | **Civil Action No.**<br><br><br>**Complaint and Jury Demand** |

**CIVIL ACTION**

Plaintiff, Nikole Price (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Wildcat LLC d/b/a Exxon (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Pottsville, PA.
3. Upon information and belief, Defendant Wildcat LLC d/b/a Exxon is a retail convenience store with a location and corporate headquarters located at 645 Hamilton Street, Suite 500, Allentown, PA 18101.
4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.
8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.
9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.
10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.
13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on January 8, 2026, alleging sexual harassment and retaliation against Defendant.
14. The Charge was assigned a Charge Number 530-2026-02607 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated August 7, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.
18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
20. Plaintiff is female.

21. On or about May 2, 2025, Defendant hired Plaintiff in the position of Cashier.

22. Plaintiff was well qualified for her position and performed well.

**THE STORE MANAGER MADE SEXUAL ADVANCES TOWARDS PLAINTIFF**

23. Joel Harvey (male), Store Manager and Plaintiff's direct supervisor, exercised control over the terms and conditions of Plaintiff's employment, including, *inter alia*, scheduling, assignments, and discipline.

24. Shortly after Plaintiff began working for Defendant, Harvey began subjecting her to unwanted personal attention and behavior of a sexual nature.

25. By way of example and not limitation, Harvey began asking Plaintiff out to dinner and communicated to her that he was interested in pursuing a romantic relationship with her.

**PLAINTIFF DENIED HARVEY'S SEXUAL ADVANCES**

26. Fearing retaliation due to his supervisory authority, Plaintiff felt compelled to accept his invitations; however, Plaintiff made it clear to Harvey that she was not interested in a romantic relationship and only wanted to maintain a professional working relationship with him.

27. Harvey conditioned her acceptance of his unwanted and illegal conduct in a way that made Plaintiff feel like rejecting him would negatively alter the terms and conditions of her employment.

**HARVEY CONTINUED TO PURSUE PLAINTIFF, DESPITE HER DENIAL OF HIS ADVANCES**

28. Despite her rejection of his sexual advances, Harvey continued to pursue her against her wishes.

29. By way of example and not limitation, Harvey would text her immediately after she returned home from work and sent her "good morning" text messages daily.

30. Further, Harvey would intentionally find reasons to engage her in personal conversations at work, asking intrusive and personal questions about what she was doing in her personal time.

**HARVEY FREQUENTLY MADE SEXUALLY INAPPROPRIATE COMMENTS TOWARDS FEMALE CUSTOMERS AROUND PLAINTIFF**

31. In addition, Harvey frequently made sexually inappropriate and offensive comments in the workplace, including remarks about female customers' bodies such as "she has a good shape" and "her boobs look good" or words to that effect.

**HARVEY REGULARLY MADE SEXUALLY INAPPROPRIATE COMMENTS TO PLAINTIFF**

32. As further harassment, Harvey regularly made sexually inappropriate comments directed towards Plaintiff, including remarks about her buttocks and breasts.

33. These comments were unwelcome and made Plaintiff visibly uncomfortable.

34. Upon information and belief, Leanna Sementilli, Assistant Manager, may have witnessed Harvey's sexual harassment of Plaintiff.

**PLAINTIFF REPEATEDLY REJECTED AND OPPOSED HARVEY'S ADVANCES AND SEXUALLY INAPPROPRIATE COMMENTS**

35. In response to the above harassment, Plaintiff repeatedly rejected Harvey's advances and communicated that his sexually offensive conduct was unwanted.

**HARVEY SCREAMED AT PLAINTIFF IN RETALIATION FOR HER REJECTION OF HIS ADVANCES**

36. In response, Harvey became angry and began to retaliate against her and treat her poorly.

37. By way of example and not limitation, on or about June 29, 2025, Harvey screamed at Plaintiff in the store in such an aggressive and demeaning manner that a customer left the premises.

38. Although Plaintiff believed that there were no other staff members who observed this incident, Defendant's security cameras likely recorded this incident.

39. There were also customers present who observed Harvey's conduct including one who made a comment to Harvey before he yelled and cursed at Plaintiff.

**PLAINTIFF COMPLAINED ABOUT HARVEY SCREAMING AT HER TO THE TERRITORY MANAGER**

40. On or about June 30, 2025, Plaintiff reported the incident to Devin Thomma, Territory Manager.

**HARVEY YELLED AT PLAINTIFF AGAIN**

41. On or about July 13, 2025, Harvey came into the store and again yelled at Plaintiff.

42. When she objected to Harvey's ongoing harassment, he responded, "I don't fucking apologize" or words to that effect.

**PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT HARVEY'S SEXUAL HARASSMENT AND RETALIATION**

43. On or about July 16, 2025, Plaintiff filed a formal complaint with Human Resources regarding Harvey's sexual harassment and retaliatory conduct.

44. Specifically, Plaintiff made this formal complaint to Thomma and Nicole Hager, Human Resources.

45. Plaintiff made this complaint over the phone and also emailed concerns related to the harassment to Thomma and/or Hager.

**HAGER DID NOT PROPERLY ADDRESS PLAINTIFF'S COMPLAINT AND WAS ACCUSATORY TOWARDS HER**

46. Rather than investigating or taking corrective action, Hager was accusatory toward Plaintiff and asked her why she had accepted the position "if [she] knew [Harvey] was

romantically interested in [her]" or "why would [she] accept a job if [she] previously went to dinner with [Harvey]" or words to that effect.

**HARVEY ISSUED PLAINTIFF AN UNWARRANTED DISCIPLINE**

47. On or about July 26, 2025, Plaintiff reported to work and Harvey issued her an unjustified disciplinary action as further retaliation for her objection to unlawful sexual harassment and retaliation.

48. Specifically, Harvey issued Plaintiff discipline for allegedly not sticking inventory.

49. Although Harvey claimed this was a verbal discipline, the discipline was in writing.

**PLAINTIFF COMPLAINED ABOUT THE DISCIPLINE AND HARVEY BERATED HER IN RESPONSE**

50. Plaintiff objected to the unwarranted disciplinary action, explaining that there was an influx in customers at the end of her shift.

51. This further enraged Harvey and caused him to berate her and act in an intimidating manner towards her.

**DEFENDANT CONSTRUCTIVELY DISCHARGED PLAINTIFF**

52. As a result of the intolerable working conditions, including persistent sexual harassment and retaliation, and Defendant's failure to take corrective action, Plaintiff was constructively discharged on or about July 28, 2025.

53. After the written discipline, because of Harvey's increasingly hostile behavior and cursing, Plaintiff no longer felt comfortable returning to the environment under the supervision of Harvey.

54. Given Defendant's prior failure to take remedial action to ensure that Plaintiff's work environment was free from harassment, Plaintiff informed Thomma and Hager that it was

a hostile work environment, was uncomfortable being around Harvey, and could not return to work as a result, or words to that effect.

55. Defendant subjected Plaintiff to a hostile work environment, sexual harassment, *quid pro quo* sexual harassment and retaliation in violation of Title VII and the PHRA.

56. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I**
**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a member of protected classes in that she is female.

59. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female;
    b. Such discrimination was severe and/or pervasive.
    c. Such discrimination detrimentally affected Plaintiff; and
    d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

60. The unlawful employment practices outlined above were intentional.

61. Plaintiff suffered tangible employment actions alleged herein, to include, but not necessarily be limited to, her termination.

62. Defendant knew or reasonably should have known of the sexual harassment.

63. Defendant failed to exercise reasonable care to prevent and promptly correct the

harassing behavior.

64. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II**
**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**PENNSYLVANIA HUMAN RELATIONS ACT**

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. The foregoing conduct created a sexually hostile work environment for Plaintiff.

67. Plaintiff suffered intentional discrimination because of her sex.

68. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

69. Defendant knew or should have known of the sexual harassment.

70. The discrimination detrimentally affected Plaintiff.

71. Plaintiff suffered tangible employment actions as alleged herein, to include, but not necessarily be limited to, termination.

72. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

73. Defendant knew or reasonably should have known of the sexual harassment.

74. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

75. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – SEXUAL HARASSMENT – *QUID PRO QUO***
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
77. Plaintiff is a member of a protected class in that she is female.
78. Plaintiff was subject to unwelcome conduct by her supervisor, Mr. Harvey.
79. Plaintiff's reaction to Mr. Harvey's advances affected tangible aspects of her employment.
80. Mr. Harvey was an employee of Defendant who had significant authority and decision-making power over Plaintiff, and was involved as a decision-maker in Defendant's termination of Plaintiff's employment.
81. The unlawful employment practices outlined above were intentional.
82. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the federally protected rights of Plaintiff.
83. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – SEXUAL HARASSMENT – *QUID PRO QUO***
**PENNSYLVANIA HUMAN RELATIONS ACT**

84. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
85. Plaintiff is a member of a protected class in that she is female.
86. Plaintiff was subject to unwelcome sexual conduct by her supervisor, Mr. Harvey.

87. The conduct was intentional and based upon Plaintiff's gender.

88. Submission to Mr. Harvey's conduct was a condition of Plaintiff's employment.

89. Defendant knew or should have known about Mr. Harvey's conduct and failed to take any action to prevent or correct Mr. Harvey's behavior.

90. As a result, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT V – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

91. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

92. Plaintiff engaged in activity protected by Title VII.

93. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

94. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

95. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

96. Plaintiff engaged in activity protected by the PHRA.

97. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

98. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Nikole Price, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b) Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 11, 2026 **By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*